**\*NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
NORMAN MIDTHASSEL              :
                               :
        Plaintiff,             :
                               :               OPINION
    v.                         :     Civil Action No. 09-05515 (FLW)
                               :
                               :
ARAMARK CORPORATION, RAUL      :
COLARTE, AND JOHN DOES         :
1 through 10,                  :
                               :
        Defendants.            :
_____:

**WOLFSON, United States District Judge**:

Presently before the Court is a motion by Plaintiff Norman Midthassel ("Midthassel" or "Plaintiff") to amend the Complaint to join additional defendants and remand this matter to the Superior Court of New Jersey, Law Division, Mercer County for lack of subject matter jurisdiction. Defendants ARAMARK Corporation and Mr. Raul Colarte ("ARAMARK," "Colarte," or collectively, "Defendants")[1] urge this Court to deny Plaintiff's motion under 28 U.S.C. § 1447(e) on the grounds that Plaintiff does not state a facially plausible claim against any of the newly named non-diverse defendants and is seeking to amend the Complaint to avoid federal court. This Court has considered all submissions made by the parties, and decided the

---

[1] On October 19, 2009, Morgan Lewis & Bockius, LLP ("Morgan Lewis"), counsel for ARAMARK Management Services, L.P. accepted service of the Complaint on behalf of ARAMARK Management Services, L.P., one of the parties whom Plaintiff now seeks to join. Counsel for Defendants argue that ARAMARK Corporation was incorrectly named in the Complaint as a defendant, and thus does not oppose amendment of the Complaint to add ARAMARK Management Services, L.P., a limited partnership formed in the State of Delaware with its principal place of business in the Commonwealth of Pennsylvania, as a defendant.

matter without oral argument pursuant to Fed. R. of Civ. P. 78. For the reasons that follow, the Court denies Plaintiff's motion to amend the Complaint to join the non-diverse parties, but grants the motion to amend as to ARAMARK Management Services, L.P. Accordingly, the matter will not be remanded to the Superior Court of New Jersey.

I. BACKGROUND

A. Procedural History

On September 21, 2009, Plaintiff filed a Complaint against ARAMARK and Colarte in the Superior Court of New Jersey, Law Division, Mercer County, alleging that Defendants wrongfully terminated his employment due to his age and disability, in violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1, et. seq. See Certification of Russell U. Schenkman at ¶ 1 ("Schenkman Cert. at ¶ __."). On October 13, 2009, Defendants received from Plaintiff's counsel a copy of the Complaint. See Notice of Removal ¶ 3. Shortly thereafter, on October 19, 2009, Defendants agreed to accept service of the Complaint and requested, pursuant to New Jersey Court Rule 4:5-2, a statement of damages. Id. Approximately one week later, on October 27, 2009, Defendants received Plaintiff's written demand for damages. Id. The statement specified damages in the amount of $500,000.00. Id.

On October 28, 2009, Defendants filed a Notice of Removal pursuant to 28 U.S.C. § 1441(b) on the grounds that this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(a). Id. at ¶ 5. Initially-named Defendant, ARAMARK, is incorporated under the laws of the State of Delaware and maintains its principal place of business in the Commonwealth of Pennsylvania. See Compl. at ¶ 2; Am. Compl. at ¶ 2. Defendant Colarte is a citizen of the State of New York, and is employed by ARAMARK as an Area Capital Program Manager. See Compl. at ¶ 3; Notice of Removal ¶ 1, n.1; Am. Compl. at ¶ 3.

Defendants ARAMARK and Colarte filed and served their Answer and Affirmative Defenses on November 24, 2009. One day later, on November 25, 2009, Plaintiff filed the instant motion to join additional defendants, amend the Complaint, and remand the matter to state court pursuant to 28 U.S.C. § 1447. Specifically, Plaintiff sought to join ARAMARK Management Services, L.P.,[2] and three additional defendants: ARAMARK Service Management of N.J., Inc., Drew University, and James Hall ("ARAMARK NJ", "Drew University", and "Hall", collectively, the "Additional Defendants"). Defendant ARAMARK Management Services, L.P. ("ARAMARK Management") was formed in the State of Delaware and has its principal place of business in the Commonwealth of Pennsylvania. See Notice of Removal ¶ 10. The Additional Defendants--Hall, Drew University, and ARAMARK NJ--are all citizens of New Jersey. See Schenkman Cert. at ¶ 7, Ex. A at ¶¶ 5-7.

**B.   Factual History**

Plaintiff, a New Jersey resident, was employed by ARAMARK from February 28, 2005 through March 20, 2009, as a Senior Project Manager. See Complaint at ¶ 5 ("Compl. at ¶ __."); Proposed Amended Complaint at ¶ 9 ("Am. Compl. at ¶ __."). Plaintiff's principal job obligations included pre-construction services, facility evaluation, and construction management. See Compl. at ¶ 9. In the two years immediately preceding his termination, ARAMARK assigned Plaintiff to work exclusively at Drew University on behalf of ARAMARK, which provides capital management services to Drew University. See Am. Compl. ¶¶ 13, 23. While employed by Aramark, Plaintiff timely completed his assigned projects, did not elicit any negative performance reviews, and received annual salary increases based on merit. See Comp. at ¶ 12; Am. Compl. at ¶ 16. During the latter months of 2005, Plaintiff was advised by his

---

[2] Joinder of ARAMARK Management Services, L.P. is for the sole purpose of including the entity as the properly named Defendant, rather than ARAMARK Corporation. Significantly, Defendants do not oppose joinder of ARAMARK Management Services, L.P.

3

private physician that his liver was "not functioning properly" resulting in "weight gain, which affected his stamina and mobility." Compl. at ¶ 13; Am. Compl. at ¶ 17. Plaintiff alleges that over time, his "handicap" became worse, resulting in an evaluation to determine if Plaintiff qualified for a liver transplant. Compl. at ¶ 15; Am. Compl. at ¶ 19. During this period, Hall was hired by ARAMARK. Compl. at ¶ 17; Am. Compl. at ¶ 21. Colarte, a Manager for ARAMARK, supervised Plaintiff and James Hall on the Drew University Account. See Compl. at ¶¶ 3, 19. Colarte requested that Plaintiff both familiarize and train Hall with the "Drew University capital plan." Compl. at ¶ 19; Am. Compl. at ¶ 24. Additionally, Colarte informed Plaintiff that the work-load for the project would be shared between Plaintiff and Hall. Id. It is around this point that Plaintiff's work was allegedly "tak[en] over" by Hall. Compl. at ¶ 20.

On or about December 15, 2008, the Human Resources Department at Aramark requested that Plaintiff meet with a member of their Department (Jennifer Bellace), Colarte, and Hall. See Compl. at ¶ 21; Am. Compl. at ¶ 26. During the meeting, Plaintiff was questioned regarding his medical condition, and "advised that he may be relocated from the Drew University project where he was working, to another project." Compl. at ¶ 22; Am. Compl. at ¶ 27. Additionally, Plaintiff alleges that he was told that due to his present condition, he should "consider" taking short-term disability leave. Id. On December 16, 2008, Plaintiff received an unsolicited letter from Human Resources describing unpaid medical leave for "qualifying medical events" under the Family and Medical Leave Act ("FMLA"). Compl. at ¶ 24; Am. Compl. at ¶ 29. Plaintiff contends that while the letter indicated that it was given at his request, he never requested a leave of absence, nor was he interested in terminating his employment. See Compl. at ¶ 25. On March 18, 2009, Plaintiff was called into a second meeting with Human Resources, this time with Tracey Kiefner (Senior Manager of Human Resources), Colarte, and

Hall.  See Compl. at ¶ 28; Am. Compl. at ¶ 33.  During this meeting, Plaintiff was questioned as to whether he was able to perform his job with his "handicap".  See Compl. at ¶ 28; Am. Compl. at ¶ 33.  Plaintiff responded that he was able to perform the essential functions of his job, but requested that his stair climbing be limited because of his "handicap."  Compl. at ¶¶ 29-30; Am. Compl. at ¶¶ 34-35.  Ms. Kiefner then informed Plaintiff that his employment with ARAMARK would end on March 20, 2009.  See Compl. at ¶ 31; Am. Compl. at ¶ 36.  By written letter, issued on the same date, March 20th, Plaintiff was provided with a severance agreement.  See Compl. at ¶ 33.  Plaintiff alleges that following his termination, his duties were taken over by Hall.  See Compl. at ¶ 36.

## II. ANALYSIS

Pursuant to Federal Rule of Civil Procedure 15(a)(1),[3] a plaintiff has an absolute right to amend the complaint once before a responsive pleading has been served and need not seek leave of court to do so.  Once a responsive pleading has been served, however, the pleading may only be amended with the opposing party's written consent or by leave of court.  Fed.R.Civ.P. 15(a)(2). ARAMARK Management filed, and presumably served,[4] its Answer on November 24, 2009, the day before Plaintiff filed the instant motion to amend.  Under Rule 15(a)(2), leave to amend shall be freely given "when justice so requires."  Reasons for denial include: "undue

---

[3] Fed.R.Civ.P. 15(a)(1), was amended as of December 1, 2009, to allow a party to amend a pleading once as a matter of course: "(A) 21 days after serving it, *or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading* or 21 days after service of a motion under 12(b), (e), or (f), whichever is earlier."  (Emphasis added). Plaintiff has not sought application of Rule 15(a)(1), as amended, and the instant motion was filed before the December 1, 2009 amendment to Rule 15(a).  Accordingly, this Court's discussion shall correspond to the version of Rule 15(a) in effect at the time Plaintiff filed the instant motion.

[4] The parties submissions to the Court are silent as to service of the Answer.  Plaintiff notes only that at the time his motion was filed, he "had not yet received [ARAMARK Management's] answer to the Complaint, which Plaintiff later learned was filed on November 24, 2009."

delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); Heyl & Patterson Int'l. Inc. v. F.D. Rich Housing of the Virgin Islands, Inc., 663 F.2d 419, 425 (3d Cir. 1981), *cert. denied*, 455 U.S. 1018, 102 S.Ct. 1714, 72 L.Ed.2d 136 (1982); see also Krupski v. Costa Crociere S.p.A., 2010 WL 2243705, * 10 (U.S. Jun. 7, 2010) (noting that "a court may consider a movant's 'undue delay' or 'dilatory motive' in deciding whether to grant leave to amend under Rule 15(a).") (quoting Foman, 371 U.S. at 182).

As previously noted, all three Additional Defendants are citizens of New Jersey, and thus amendment to include the Additional Defendants would destroy the diversity jurisdiction upon which removal was based. Accordingly, in moving to amend, Plaintiff invoked 28 U.S.C. § 1447 and sought remand based upon the proposed amendment. 28 U.S.C. § 1447 provides, in pertinent part:

> § 1447. Procedure after removal generally
>> (c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.
>> . . .
>> (e) If after removal the plaintiff seeks to join additional defendants whose joinder ***would destroy*** subject matter jurisdiction, the court ***may deny joinder, or permit joinder*** and ***remand the action to the State court***. (emphasis added)

Remand is appropriate for "(1) lack of district court subject matter jurisdiction or (2) a

6

defect in the removal process." PAS v. Travelers Ins. Co., 7 F.3d 349, 352 (3d Cir. 1993).  While a motion to remand the case on the basis of a defect in the removal procedure must be submitted within thirty (30) days after filing of the notice of removal, a motion to remand based upon the lack of subject matter jurisdiction may be made at any time during the litigation. 28 U.S.C. § 1447(c); Berman v. Berman, No. 07-2506(JBS), 2009 WL 1617758, at * 1, n.1 (D.N.J. Jun. 9, 2009).  Upon a motion to remand, it is the removing party that "bears the burden of establishing federal jurisdiction."  LaFetra v. Kone Elevator, No. 09-3285(WJM), 2010 WL 1838347, * 1 (D.N.J. May 6, 2010) (citations omitted).  "In this circuit, removal statutes are 'strictly construed against removal and all doubts should be resolved in favor of remand.'" Id. (quoting Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)); see also Boyer, 913 F.2d at 111 (noting that "removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'") (quoting Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)).

  Here, it is undisputed that if Plaintiff's motion to amend is granted, diversity will be destroyed and, with it, the basis for this Court's subject matter jurisdiction.  Noting that he was not dilatory in requesting the amendment, Plaintiff contends that joinder is appropriate.  Specifically, Plaintiff contends that he filed the instant motion to remand within thirty (30) days of ARAMARK Management filing its Notice of Removal thereby making his motion timely under the statutory requirements.  Moreover, Plaintiff suggests that to prevent joinder, Defendants must establish the requisite elements of "fraudulent joinder."

  Plaintiff's arguments are based upon a misunderstanding of the statutory scheme and applicable case law.  First, the fact that Plaintiff filed the instant motion to remand within thirty days of the removal is not dispositive.  Pursuant to § 1447(c), the thirty-day period concerns

7

cases in which remand is sought based upon a defect in removal other than lack of subject matter jurisdiction.  Here, where subject matter jurisdiction is at issue, the thirty-day time restriction in § 1447(c) has no applicability.  While the timeliness of Plaintiff's motion to remand should indeed be considered as part of this Court's determination of whether Plaintiff's motion to join additional parties under § 1447(e) should be granted, the fact that Plaintiff filed the motion within the thirty day period referenced in § 1447(c) has no bearing on the analysis.  Additionally, as Defendants point out, fraudulent joinder is irrelevant where the parties have not yet been joined.  Indeed, as was recognized by the court in Conover v. United Parcel Service, No. 06-1079(NLH), 2006 WL 3534157 (D.N.J. Dec. 7, 2006), "fraudulent joinder . . . can only be claimed if the alleged fraudulently joined party has already been joined."  Here, where Plaintiff is seeking joinder, the proofs necessary to establish fraudulent joinder have no applicability.  Plaintiff's attempts to argue otherwise are unavailing.

In addressing motions to amend seeking joinder under § 1447(e), courts in this district, as well as other districts within this Circuit, regularly consider the "flexible and equitable" factors established by the Fifth Circuit Court of Appeals in the case of Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987).  See C.I.N. Construction, LLC v. Hunt Construction Group,, Inc., No. 08-5810(SDW), 2009 WL 2998965, * 12 (D.N.J. Sept. 18, 2009) ("The Third Circuit has not yet interpreted § 1447(e), but courts in this district, along with numerous other districts have adopted a flexible and equitable approach developed by the Fifth Circuit Court of Appeals in Hensgens v. Deer & Co., 833 F.2d 1179, 1182 (5th Cir. 1987)"); see also, Salamone v. Carter's Retail, Inc., 2010 WL 762192, at *1 (D.N.J. Mar. 5. 2010); City of Perth Amboy v. Saveco Ins., Co., 539 F. Supp. 2d 742, 746 (D.N.J. 2008) (citing Doe #4 v. Soc'y for Creative Anachronism, Inc., No. 07-1439, 2007 WL 2155553 at *3 (E.D. Pa. July 25, 2007) (district courts in the Third

Circuit use the factors set forth in Hensgens); Wabby v. State Farm Mut. Auto Ins. Co., No. 09-2449, 2010 WL 1754754, * 2 (M.D.Pa. Apr. 27, 2010). The approach established by the Fifth Circuit "balance[s] the defendant's interests in maintaining a federal forum with the competing interests of not having parallel lawsuits." Hensgens, 833 F.2d at 1182. The Hensgens Factors are: "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities." Hensgens, 833 F.2d at 1182.

The first Hensgens factor focuses on whether the purpose of the amendment is to defeat federal jurisdiction, or, in the alternative, whether the plaintiff has "legitimate reasons for the amendment." See Salamone v. Carter's Retail, Inc., 2010 WL 762192, at *2 (D. N.J. Mar. 5 2010). "Generally, if a proposed claim is viable, and there is genuine intent to prosecute the claim in good faith, the primary purpose of joinder is not to defeat federal jurisdiction." City of Perth Amboy, 539 F. Supp. at 754.

Here, Plaintiff contends that he anticipated joinder of Additional Defendants as discovery progressed, citing the reference to "John Does 1 through 10" in the initial Complaint. See Schenkman Cert. at ¶ 1. Plaintiff further notes that his claims against non-diverse Defendants, ARAMARK N.J., Hall, and Drew University are in good faith, and that he "simply accelerated his review of the identification of additional defendants." Plaintiff's Memorandum in Support of Motion at 10. As Defendants point out, however, Plaintiff did not attempt to join these additional parties until *after* his choice of forum was "threatened." Defendant Aramark Management Services, L.P.'s Memorandum in Opposition to Plaintiff's Motion to Amend at 7. Plaintiff was well aware of Hall, and Drew University, but failed to name either as a Defendant

in the initial Complaint.

Tellingly, Plaintiff mentions Hall at several points in the initial Complaint and yet never identifies Hall as his "supervisor" until he files the Amended Complaint. See Compl. at ¶¶ 17-21, 28; Am.Compl. at ¶ 6. Compare Fields v. Zubkov, V & R Trucking, Inc., 2008 WL 4447098, at *5 (D.N.J. Sept. 26, 2008) (where plaintiff neither could have brought nor anticipated claim against defendant at the time the complaint was initially filed in state court). While the initial Complaint names John Does as "other persons *unknown to Plaintiff at this time* who aided and abetted Defendant Aramark" (Compl. at ¶ 4, emphasis added), there can be no dispute that both Hall and Drew University were known to Plaintiff at the time the initial Complaint was filed. Indeed, in the Amended Complaint, Plaintiff concedes that "[a]fter Plaintiff trained Defendant Hall, Defendant Hall began taking over jobs that were previously performed by Plaintiff, *and Plaintiff was told that Defendant Hall was his supervisor*." Amended Compl. at ¶ 25 (emphasis added). Accordingly, Plaintiff knew at the time that he filed the Complaint that Hall was his supervisor. Moreover, Defendant had been working on the Drew University project for the two years immediately prior to his termination. Plaintiff proffers nothing in support of the instant motion to demonstrate that new facts came to light between the filing of the initial Complaint and Plaintiff's motion to amend that would validate Plaintiff's failure to name Hall and Drew University as defendants in the initial Complaint.

Equally supportive of the finding that Plaintiff has amended the Complaint to add Hall and Drew University simply to destroy diversity is the absence of any factual allegations in the Amended Complaint. In order to be held liable as an aider and abettor, the New Jersey Supreme Court has held that:

> plaintiff must show that "'(1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must be

10

> generally aware of his role as part of an overall illegal or tortious activity at the time he provides the assistance; [and] (3) the defendant must knowingly and substantially assist the principal violation.'"

Tarr v. Ciasulli, 181 N.J. 70, 84, 853 A.2d 921 (N.J. 2004) (quoting Hurley v. Atlantic City Police Dep't, 174 F.3d 95, 127 (3d Cir. 1999). While Plaintiff generally avers in the proposed Amended Complaint that Hall and Drew University "assisted Aramark in terminating Plaintiff's employment in violation of the New Jersey Law Against Discrimination", there are simply no facts supportive of those allegations.

The proposed Amended Complaint is also silent as to the allegations against ARAMARK NJ. Plaintiff alleges simply that "Plaintiff was employed by Defendant Aramark Corporation and/or Aramark Management and/or Aramark New Jersey (collectively referred to as "Aramark") during the period from February 28, 2005 to March 20, 2009 as a Senior Project Manger." Amended Compl. at ¶ 9. In support of the instant motion, Plaintiff notes the following:

> Were it not for [ARAMARK Management's] removal of this case to Federal Court, it is likely that Plaintiff would not have learned that New Jersey, Inc., was an affiliate of Aramark Corporation and [ARAMARK Management] until discovery was conducted. The action to remove this case to federal court accelerated Plaintiff's investigation in which it was uncovered that [ARAMARK New Jersey] existed. Without the benefit of discovery, Plaintiff upon information and belief concluded that this New Jersey corporation handled Aramark Corporation's New Jersey operations, which included the Drew University project, where Plaintiff exclusively worked for approximately two years prior to the termination of his employment. [ARAMARK Management] in its Memorandum of Law has not provided any information as to the reason New Jersey Inc. was formed and the limitation of the scope of its business operations in New Jersey."

Plaintiff's Repl. Br. at 8, n.2. Plaintiff concedes therefore that he is unaware of what role, if any, ARARMARK New Jersey had in his termination. Without more, this Court simply cannot find

11

that Plaintiff's attempts to amend the Complaint to add ARAMARK New Jersey, or Hall or Drew University, are anything other than an attempt by Plaintiff to defeat diversity jurisdiction. Plaintiff knew of the alleged wrongful and discriminatory actions on the date that he was terminated from his employment with ARAMARK in March 2009. Despite this long-standing knowledge, Plaintiff did not seek to add the Additional Defendants to the present suit until after the case was removed to this Court. As Chief Judge Brown notes in Salamone v. Carter's Retail, Inc., in cases where "it was apparent that the plaintiff knew about the non-diverse defendant's activities at the time the suit was originally brought in state court, but still chose not to include that party as a defendant, the courts have viewed any later attempt to add the non-diverse defendant as nothing more than an attempt to destroy diversity." Salamone, 2010 WL 762192, at *2 (quoting Norplant Contraceptives Prod. Liab. Litig., 898 F. Supp. 429, 431 (E.D. Tex. 1995)). See e.g., Ayoub v. Baggett, 820 F. Supp. 298, 300 (S.D. Tex. 1993) (showing that courts are cognizant that non-diverse defendants are often added when it "serves a tactical legal purpose, like defeating diversity.") As a result, this Court concludes that the first Hensgens factor weighs against permitting the amendment.

Turning to the second factor of Hensgens -- whether the plaintiff has been dilatory in asking for amendment -- the Court simply cannot find that Plaintiff's conduct can be characterized as dilatory. Dilatory conduct under the Hensgens analysis takes into consideration the length and nature of the delay. City of Perth Amboy, 539 F.Supp.2d at 748. "A plaintiff's conduct may be considered dilatory when the purpose of the delay "was to unnecessarily prolong litigation." Fields v. Zubkov, V& R Trucking, Inc., 2008 WL 4447098, at *6 (D.N.J. Sept. 26, 2008) citing Kahhan v. Mass. Cas. Ins. Co., No. 01-1128, 2001 WL 1454063, at *2 (E.D. Pa. Nov. 14, 2001). Additionally, "[d]ilatory conduct under this factor takes into consideration the length of time as

well as the nature of the delay." City of Perth Amboy, 539 F.Supp.2d at 748. With respect to the issue of delay, the Third Circuit has stated that:

> [T]he passage of time, without more, does not require that a motion to amend a complaint be denied; however, at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party. The question of undue delay, . . . requires that we focus on the plaintiff's motives for not amending their complaint to assert this claim earlier; the issue of prejudice requires that we focus on the effect on the defendants.

Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir. 1984) cited in C.I.N. Const., LLC v. Hunt Const. Group, Inc., 2009 WL 2998965, at * 13 (D.N.J., 2009).

Here, Plaintiff filed the motion to amend to join additional parties on November 25, 2009--within thirty (30) days from the date Aramark Management Services, L.P. filed its Notice of Removal and only a little more than two months after the filing of the Complaint. At the time Plaintiff filed the motion, Plaintiff was not aware that the Answer had been filed and discovery had not yet commenced. While the filing of Plaintiff's motion to amend shortly after the filing of Defendant's removal of this action may indeed demonstrate Plaintiff's motives for attempting to include the non-diverse defendants, which goes to the first Hensgens factor, Plaintiff's conduct cannot be characterized as dilatory for the purposes of the second Hensgens factor. Consequently, the second Hensgens factor weighs in favor of Plaintiff.

Nevertheless, the third Hensgens factor, like the first, favors denial of joinder at this time. The third Hensgens factor is whether the denial of Plaintiff's request for an amendment will adversely affect his claim. In his supporting papers, Plaintiff does not proffer any arguments of potential hardship if amendment to join the Additional Defendants is denied by this Court. Rather, Plaintiff avers that Defendants are not prejudiced by the amendment, particularly as the request was made sufficiently early during the proceedings, prior to the commencement of discovery or substantive motions. Plaintiff does not present at any point in his briefing that

13

denial of joinder would force him to file a separate action in State court against the Additional Defendants.  Moreover, given the early stages of this litigation, if discovery ultimately reveals facts that would support allegations against the Additional Defendants, Plaintiff can at that time seek joinder.  As a result, the third <u>Hensgens</u> factor also weighs against granting the amendment.

In their briefing, neither party sets forth any additional arguments that support contemplating other equitable factors as directed by <u>Hensgens</u>.  Further, this Court cannot identify other equitable reasons why amendment should be granted.  Analysis of the <u>Hensgens</u> factors dictates that joinder of ARAMARK NJ, Hall, and Drew University should not be permitted.  As joinder of ARAMARK Management does not destroy diversity and Defendant agrees that ARAMARK Management is the proper defendant, Plaintiff's motion shall be granted in so far as it seeks to add ARAMARK Management as a defendant.

### III. CONCLUSION

For the reasons stated above, this Court DENIES Plaintiff's motion to amend the Complaint to join the additional non-diverse parties, but GRANTS the motion to amend as to ARAMARK Management Services, L.P.  Accordingly, Plaintiff's motion to remand is DENIED.

Dated: June 15, 2010

    /s/ Freda L. Wolfson
FREDA L. WOLFSON, U.S.D.J.